1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZMY ABDELRAAUF EL-GHAZALY, | No. 1:25-cv-1621 CKD P |
| Petitioner, | |
| v. | <u>ORDER GRANTING PETITION</u> |
| CHRISTOPHER CHESTNUT, et al., | <u>FOR WRIT OF HABEAS CORPUS</u> |
| Respondents. | |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). ECF No. 20. For the reasons which follow, the petition for writ of habeas corpus is granted. Petitioner has already been granted release from custody via preliminary injunction by the district court judge previously assigned to this case, Judge Dena Coggins. ECF No. 8 & 10. Judge Coggins provided a thorough analysis in support of her release of petitioner and respondent has elected not to submit further argument or evidence in support of their position that the petition for writ of habeas corpus be denied. The undersigned concurs with Judge Coggins's order and need not revisit all addressed by her. The undersigned does, however, identify the facts and law germane to the court's determination of entitlement to habeas relief and why relief is appropriate.

/////

1

I. <u>Standard for Habeas Relief</u>

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). A writ of habeas corpus will be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687 (2001).

II. <u>Facts</u>

Petitioner has been subject to a final order of removal to Saudi Arabia since 1997. ECF No. 1 at ¶ 20. He has been out of ICE custody on an Order of Supervision since August 23, 2002. ECF No. 6 at 9. The Immigration and Customs Enforcement Service (ICE) has never been able to effectuate removal. On October 14, 2025, petitioner appeared at an ICE office in Dallas for a routine appointment. ECF No. 1 at ¶ 28. Petitioner was taken into custody and later transferred to the California City Detention Facility in California City where he was detained until Judge Coggins ordered his release. <u>Id</u>. at ¶¶ 28, 13. Petitioner asserts that when he was arrested, he was told that ICE would be attempting to deport him. Id. at ¶ 31. In a declaration provided by Deportation Officer Patrick Cruz, Cruz indicates that "[f]ollowing an interview with Petitioner on October 15, 2025, Petitioner was notified that his [release on supervision] was revoked under 8 C.F.R. § 241.13(i) for the purpose of effectuating his removal to Saudi Arabia. ECF No. 6 at 9-10.

III. <u>Violation of 8 C.F.R § 241.13(i)(2)</u>

Petitioner argues that his re-detention was not in compliance with 8 C.F.R. § 241.13(i). Under that regulation, re-detention of an individual, such as petitioner, who was previously released from custody because removal was not in the reasonably foreseeable future is not

1  permitted unless ICE determines changed circumstances indicate that there is a significant
2  likelihood removal will occur in the reasonably foreseeable future.  Here, the burden is on
3  respondents to show that ICE's determination that the requirements of 8 C.F.R. § 241.13(i) were
4  met has factual support.  See e.g. Roble v. Bondi, 2025 WL 2443453, at *4 (D. Minn. Aug. 25,
5  2025) ("[T]he regulations at issue in this case place the burden on ICE to first establish changed
6  circumstances that make removal significantly likely in the reasonably foreseeable future.").

Respondents offer almost nothing to satisfy their burden other than an assertion that ICE Enforcement and Removal Operations "continues to actively pursue" removal.  ECF No. 9 at 10. Respondents do not point to anything suggesting a change in circumstances, given its failure to secure removal in the past, nor any likelihood of removal anytime soon.  After consideration of the entire record, the court finds the criteria for re-detention under 8 C.F.R § 241.13(i)(2) were not met when petitioner was re-detained nor are they now.

IV. Removal to Country other than Saudi Arabia

In his petition, petitioner asks that the court order that if petitioner is removed, it not be to any country other than Saudi Arabia.  As indicated above, a petition for writ of habeas corpus can only be granted if a person's detention violates federal law.  Petitioner does not explain how this court has jurisdiction over terms of removal and it is not clear the court does.  Also, there is no indication that respondents intend to deport petitioner to anywhere other than Saudi Arabia and, more importantly, no indication petitioner has been denied any right or protection available under law to challenge removal to anywhere but Saudi Arabia.

V. Conclusion

For all of the foregoing reasons, the petition for writ of habeas corpus before the court will be granted, the relief granted via preliminary injunction will be made permanent.[1] The court need not consider the other arguments put forth by petitioner for issuance of a writ of habeas corpus.

/////

/////

---

[1] Respondents make no objection to the form of relief granted via preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2. Petitioner cannot be re-detained absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).

3. This case is closed.

Dated: March 9, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
elgh1621.zad

4